# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT D. WARE EL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-01684 (TNM/GMH) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this action, Plaintiff Robert D. Ware El ("Plaintiff"), who proceeds *pro se*, appeals a decision of the Social Security Administration ("Defendant" or "SSA") denying his request for retirement insurance benefits under Section 202(a) of the Social Security Act, 42 U.S.C. § 402 *et seq*. *See* ECF Nos. 1, 10-3. Plaintiff alleges that Defendant failed to consider his additional earnings when it determined that he did not have sufficient work credits to be considered insured and thus eligible for retirement insurance benefits. *Id.* Defendant has filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the federal courts lack subject matter jurisdiction over this case because Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 10 at 2, 4. Although Plaintiff's opposition to Defendant's motion to dismiss was due on September 27, 2019, he has failed to respond to the motion as of the date of this Memorandum Opinion.

As explained below, Rule 12(b)(1), which governs motions to dismiss for lack of subject-matter jurisdiction, is not the proper vehicle for Defendant's motion because Plaintiff has satisfied the Social Security Act's jurisdiction prerequisite by presenting his claim to the SSA. However,

consistent with the practice of other courts in this District, rather than recommending denial of the motion so that Defendant can file a procedurally proper motion, Defendant's motion will be converted to a Rule 56 motion for summary judgment and the parties shall be given an opportunity to present further evidence and briefing.

## I. BACKGROUND

### A. Retirement Insurance Benefits Under the Social Security Act

To be eligible for retirement insurance benefits under Section 202(a) the Social Security Act, the claimant must (1) be fully insured, (2) have attained age 62, and (3) have filed an application for benefits. 42 U.S.C. § 402(a). As relevant here, a claimant is considered "fully insured" if the claimant has at least 40 quarters of coverage, 42 U.S.C. § 414(a)(2), meaning that the claimant has made "contributions to Social Security over at least 40 quarters of a work life," *Hall v. Sebelius*, 770 F. Supp. 2d 61, 65 n.2 (D.D.C. 2011). The Social Security Act defines a quarter as a period of three calendar months ending March 31, June 30, September 30, or December 31. 42 U.S.C. § 413(a).

### B. Plaintiff's Claims and Procedural History

Plaintiff was 62 years old in 2015. *See* ECF No. 10-3 at 1. He applied for retirement insurance benefits on November 30, 2017. *Id.* Defendant initially denied his application on April 1, 2018, on the grounds that Plaintiff did not have the requisite 40 quarters of coverage, also known as work credits. *See* ECF No. 1; ECF No. 10-3 at 1. According to Defendant's records, Plaintiff has only 39 work credits and therefore is not eligible for retirement insurance benefits. *See* ECF No. 10-3 at 1, 3. After Plaintiff filed a timely request for reconsideration, Defendant affirmed its initial decision in a Reconsideration Determination dated August 1, 2018. *Id.* On June 6, 2019, apparently without first seeking a hearing before an Administrative Law Judge ("ALJ"), Plaintiff

filed a federal complaint against the SSA seeking to reverse its decision denying his application for retirement insurance benefits. ECF No. 1. Defendant thereafter filed its motion to dismiss the complaint for lack of jurisdiction.

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) "presents a threshold challenge to the court's [subject-matter] jurisdiction" over the case before it. *Thomas v. Wash. Metro. Area Transit Auth.*, 305 F. Supp. 3d 77, 81 (D.D.C. 2018) (quoting *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987)). Where its power to hear a case is at issue, a court will subject a plaintiff's complaint to "closer scrutiny" than on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *Walsh v. Comey*, 118 F. Supp. 3d 22, 25 (D.D.C. 2015). Thus, unlike a Rule 12(b)(6) motion, a court ruling on a Rule 12(b)(1) motion may consider evidence beyond the four corners of the complaint and material subject to judicial notice. *See Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 195–96 (D.D.C. 2002). Indeed, where a party mounts a factual challenge—that is, it attacks the "underlying facts contained in the complaint" rather than merely the allegations included on the face of the complaint—the court "*must* weight the allegations of the complaint and evidence outside the pleadings in order to 'satisfy itself as to the existence of its power to hear the case.'" *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F. Supp. 2d 156, 162 (D.D.C. 2003) (emphasis added) (quoting *Loughlin v. United States*, 230 F. Supp. 2d 26, 35 (D.D.C. 2002)); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001) ("A district court 'may' consult evidence to decide a Rule 12(b)(1) motion in contrast with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, where it may not. It 'must' do so if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction.").

## III. DISCUSSION

Defendant asserts that this Court lack subject matter jurisdiction to hear Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies before filing his complaint. *See* ECF No. 10 at 1. In support, Defendant submitted a declaration from the SSA's Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, which asserts that SSA records show "no indication of an Administrative Law Judge decision or a request for review before the Appeals Council relating to the plaintiff . . . , closed, pending, or otherwise." ECF No. 10-2 at 3. While Defendant's evidence may be sufficient to show that Plaintiff failed to exhaust his administrative remedies, *see Carter–Frost v. District of Columbia*, 305 F. Supp. 3d 60, 74 (D.D.C. 2018) (relying on the defendant's affidavit finding "no record of any complaint" to support its conclusion that "there is no evidence that [the plaintiff] filed any complaint or regularly complained to her supervisors"), contrary to its argument, such a failure to exhaust does not deprive a court of jurisdiction over this matter.

A federal district court has jurisdiction over a civil case challenging a final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g). The Social Security Act does not define "final decision," but it authorizes the Commissioner to outline the requisite criteria by regulation. *See* 42 U.S.C. § 405(a); *see also Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Social Security regulations provide that a claimant can seek judicial review of a final decision regarding claims under Title II of the Social Security Act only after completing the following four steps of the administrative review process: (1) an initial determination by the SSA as to the claimant's eligibility for benefits; (2) reconsideration of that decision; (3) a decision after a hearing before an ALJ; and (4) review of the ALJ's decision by the Appeals Council. 20 C.F.R. § 404.900(a). Claimants have sixty days to appeal a decision at each of the four stages in the process, although a claimant

may seek an extension "by showing good cause in writing." *Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 47–48 (D.C. Cir. 2011). "The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court." *Id.* at 48.

However, the Supreme Court has "previously recognized that the doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue." *Weinberger*, 422 U.S. at 765. For social security claims, the Supreme Court has interpreted § 405(g) to contain both jurisdictional and non-jurisdictional elements, which bears directly on the administrative exhaustion analysis. *See Mathews v. Eldrige*, 424 U.S. 319, 328 (1976); *see also Cost*, 770 F. Supp. 2d at 48. The jurisdictional and "nonwaivable element is the requirement that a claim for benefits shall have been presented" to the agency. *Mathews*, 424 U.S. at 328. The non-jurisdictional and waivable element is that the claimant exhaust the SSA's administrative remedies through all four steps of the administrative review process. *Id.* "When exhaustion is non-jurisdictional, plaintiffs 'are not required to specially plead or demonstrate exhaustion in their complaints.'" *Calderon v. Berryhill*, No. 17-cv-494 (RDM), 2019 WL 4575605, at *3 (D.D.C. Sept. 20, 2019) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)); *cf. Tapp v. Wash. Metro. Area Transit Auth.*, 283 F. Supp. 3d 1, 5 (D.D.C. 2017) ("Whether a plaintiff in a Title VII case has timely exhausted administrative remedies is not a jurisdictional requirement, but is an affirmative defense that the defendant bears the burden of proving by a preponderance of the evidence"). In other words, the jurisdictional and nonwaivable "'presentment' requirement is not co-extensive with the exhaustion of administrative remedies." *Calderon*, 2019 WL 4575605, at *3. As such, a plaintiff can satisfy the jurisdictional element even if he or she does not attempt each of the four steps of administrative process required under the Social Security regulations. *See Weinberger*, 422 U.S. at 766-67; *see also Calderon*, 2019 WL 4575605 at *3 (dismissing the SSA's Rule

12(b)(1) motion to dismiss because plaintiff sufficiently presented her retirement claim and received an initial determination). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "is inappropriate where a defendant claims that a plaintiff failed to comply with only the non-jurisdictional exhaustion requirement." *Cost*, 770 F. Supp. 2d at 49 (citing *Hall*, 689 F. Supp. 2d at 22).

Here, as Plaintiff alleges and Defendant has shown, Plaintiff completed the first two steps of the administrative review process by receiving an initial determination and then a reconsideration determination from the SSA. *See* ECF No. 1 at 1; ECF No. 10-3 at 3. To be sure, the precise meaning of "presentment" has "generated some uncertainty," with some courts appearing to require "some decision" by the agency, *Calderon*, 2019 WL 95565, at *3 (quoting *Nat'l Kidney Patients Assoc. v. Sullivan*, 958 F.2d 1127, 1131 (D.C. Cir. 1992)), and others "not—at least explicitly—limit[ing] the 'presentment' requirement to circumstances in which there has been 'some decision'" by the agency, *id.* (citing, among other cases, *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993)). Here, however, "the Court need not step into this thicket," *Calderon v. Berryhill*, No. 17-cv-494 (RDM), 2019 WL 95565, at *4 (D.D.C. Jan. 3, 2019), because Plaintiff has satisfied the more demanding standard requiring "some decision" by the agency. He has therefore satisfied the jurisdictional prerequisite to filing an action in federal court. As a result, Defendant should not have brought its motion under Rule 12(b)(1).

However, the fact that Defendant chose the wrong rule under which to file its motion need not be fatal—although teeing up the dispute here requires "some procedural untangling." *Calderon*, 2019 WL 4575605, at *2 (quoting *Osborne v. Visa Inc.*, 797 F.3d 1057, 1062 (D.C. Cir. 2015)). In circumstances like this one, courts in this district have first treated the Rule 12(b)(1) motion as a motion to dismiss under Rule 12(b)(6) for failure to state a claim and then, because

the SSA has relied on evidence outside of the pleadings, which is generally prohibited on a Rule 12(b)(6) motion, converted, pursuant to Rule 12(d), the Rule 12(b)(6) motion to a motion for summary judgment under Rule 56.  *See, e.g.*, *Thibeaux v. Soc. Sec. Admin.*, No. 12-cv-01588 (RWR/AK), 2015 WL 12964650, at *4–5 (D.D.C. Oct. 20, 2015) (treating a Rule 12(b)(1) motion arguing that the plaintiff had failed to fully exhaust administrative remedies as a motion under Rule 12(b)(6) and converting it to Rule 56 motion for summary judgment), *report and recommendation adopted,* No. 12-cv-1588 (EGS), 2016 WL 7839127 (D.D.C. Apr. 18, 2016), *aff'd*, No. 16-5099, 2016 WL 6915553 (D.C. Cir. Oct. 6, 2016); *Cost*, 770 F. Supp. 2d at 49 (same).

Rule 12(d) allows a Rule 12(b)(6) motion to be converted to a Rule 56 motion for summary judgment as long as all parties are provided the opportunity to "present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  Moreover, because Plaintiff proceeds in this case *pro se*, he is entitled under Circuit precedent to a so-called *Fox/Neal* notice, which will inform him of his responsibilities in opposing a motion for summary judgment, including the submissions required by Rule 56 and this Court's Local Civil Rules.  Therefore, it is hereby

**ORDERED** that, pursuant to Rule 12(d), Defendant's motion to dismiss (which is construed as a motion under Rule 12(b)(6)) is converted to a Rule 56 motion for summary judgment. A further Order will accompany this Memorandum Opinion providing Plaintiff a *Fox/Neal* notice and setting a schedule for further submissions.

**SO ORDERED.**

Date:  November 7, 2019

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE