# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT D. WARE EL**,<br><br>Plaintiff,<br><br>v.<br><br>**SOCIAL SECURITY ADMINISTRATION**,<br><br>Defendant. | Case No. 1:19-cv-01684 (TNM) |

## MEMORANDUM OPINION

Robert D. Ware El, proceeding *pro se*, seeks review of a decision of the Social Security Administration ("SSA") denying him retirement insurance benefits under Section 202(a) of the Social Security Act, 42 U.S.C. § 402 *et seq.* The parties cross-moved for summary judgment. Def.'s Mot., ECF No. 10; Pl.'s Mot., ECF No. 17. Magistrate Judge Harvey concluded that Ware El failed to exhaust his administrative remedies and he found no basis to excuse exhaustion. Report and Recommendation ("Report") at 8–10,[1] ECF No. 22. He thus recommended granting summary judgment for the SSA. *Id.* at 10. Ware El objected to the Report. Pl.'s Objection, ECF No. 23. Even if his objections are specific enough to trigger *de novo* review under 28 U.S.C. § 636(b)(1), the Court will adopt the Report over these objections and grant summary judgment for the SSA.

Ware El sued the SSA "to dispute the appealed decision dated 4/1/2018." Compl. at 1, ECF No. 1. He alleges that the SSA failed to consider certain earnings when assessing whether he had enough work credits to be eligible for retirement insurance benefits. *See id.*; Report at 1.

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

The SSA argues that Ware El's suit is premature because he failed to exhaust administrative remedies. Def.'s Mot. at 2–4. Under the Social Security Act, claimants can obtain judicial review of "any final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g). Congress authorized the SSA to "flesh out" what qualifies as a "final decision." *See id.* § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The agency has a four-step review process: (1) an initial determination; (2) a reconsideration determination; (3) a decision from an administrative law judge ("ALJ") after a hearing; and (4) review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a), 416.1400(a). If the Appeals Council grants review, then its decision is the agency's final decision. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). If the Council denies review, then the ALJ's decision is final. *Id.* at 107.

Here, the SSA has no record of a decision by an ALJ or the Appeals Council. *See* Voegele Decl. ¶ 3(a), ECF No. 10-2. The April 1 decision that Ware El challenges was just the first step—an initial determination. *See* Def.'s Mot. Ex. at 1, ECF No. 10-3. When Ware El asked for reconsideration, the agency affirmed its initial determination. *Id.* at 3. But no further proceedings have occurred. *See* Voegele Decl. ¶ 3(a).

Ware El presents no evidence to the contrary (or, indeed, any evidence at all). His motion for summary judgment does not even address the SSA's exhaustion argument. Pl.'s Mot. at 1–2. The motion is a near-copy of the Complaint, and it merely gives some reasons why he thinks the SSA's determinations so far have been wrong. *Compare* Compl. at 1, *with* Pl.'s Mot. at 1–2. The only difference between the two documents is that the motion references a decision "dated 11/04/2019" instead of the April 1 decision. Pl.'s Mot. at 1. But as Magistrate Judge Harvey noted, "it [is] a mystery both as to what this refers and as to whether [Ware El] contends such a decision would be evidence of exhaustion." Report at 9 n.6. Ware El submits no

evidence of a November 4 decision. Magistrate Judge Harvey thus concluded that, based on the "undisputed record," Ware El failed to exhaust his administrative remedies. *Id.* at 9.[2]

Courts may waive § 405(g)'s exhaustion requirement only under certain conditions. Ware El must, at a minimum, show that (1) "the issue raised is entirely collateral to a claim for payment"; (2) he "would be irreparably injured" if the Court enforced the exhaustion requirement against him; or (3) "exhaustion would be futile." *Am. Hosp. Ass'n v. Azar*, 348 F. Supp. 3d 62, 75 (D.D.C. 2018) (citing *Bowen v. City of New York*, 476 U.S. 467, 483–85 (1986)). Magistrate Judge Harvey determined that Ware El failed to show any of these. Report at 9–10. So there was "no basis on which to excuse his failure to exhaust." *Id.* at 10. He thus recommended that this Court grant the SSA's motion for summary judgment, deny Ware El's motion for summary judgment, and deny the SSA's motion for judgment of affirmance as moot. *Id.*[3]

Ware El soon filed an "Objection" to the Report. Pl.'s Objection at 1.[4] But it is a near-copy of his Complaint and his motion for summary judgment. *Compare* Compl. at 1, *and* Pl.'s Mot. at 1–2, *with* Pl.'s Objection at 1–2. The only difference is that his Objection contains three additional sentences. He states that "in reference to the lack of exhaustion of administrative procedures, I would like to reference my submission application for SSA Disability submitted

---

[2] The Court gave Ware El notice that it would "accept as true any factual assertions contained in [the SSA's] affidavits or attachments . . . in support of [its] motion for summary judgment unless [he] submits admissible affidavits or documentary evidence showing that [the SSA's] assertions are untrue." Order at 3, ECF No. 15 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)).

[3] The SSA's motion for judgment of affirmance addressed the merits of Ware El's claim that the agency had wrongly denied him retirement insurance benefits. Def.'s Mot. for Judg. of Affirmance at 1, ECF No. 20; Def.'s Opp'n at 1, ECF No. 21.

[4] The SSA does not object to the Report. Def.'s Response at 1–2, ECF No. 24.

3

2/1/2020." Pl.'s Objection at 2. More, he "challenge[s] the Commissioner's 'final decision' dated 1/27/2020 . . . and seek[s] judicial review of that decision." *Id.* Finally, he says that he has "filed a SSA-7008 document referencing the missing work history[.]" *Id.*

These vague objections may not be specific enough to trigger a *de novo* review of the Report. When a magistrate judge files a report, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Federal Rules provide that parties may file "specific . . . objections to the proposed findings and recommendation." Fed. R. Civ. P. 72(b)(2). And this Court's local rules state that a party's objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). It is an open question in this Circuit whether generic objections trigger *de novo* review under § 636(b)(1). *See Powell v. U.S. Bureau of Prisons*, 927 F.2d 1239, 1241–42 (D.C. Cir. 1991) (declining to decide this question); *id.* at 1247 (Sentelle, J., dissenting) (arguing that generic objections trigger review for clear error, which is consistent with the view in "the majority of the courts of appeal").

In any event, the standard makes no difference here. Applying *de novo* review, the Court concludes that the Report is correct in both of its conclusions. First, based on the undisputed record, Ware El has failed to satisfy § 405(g)'s requirement that he exhaust administrative remedies. *See* Voegele Decl. ¶¶ 1–3; Pl.'s Mot. at 1–2 (failing to present contrary evidence and neglecting to address exhaustion at all). Second, there is no basis to excuse exhaustion here. *See* Pl.'s Mot. at 1–2 (failing to suggest any reason why excusal would be appropriate).

Ware El's objections reference an "application for SSA Disability submitted 2/1/2020" and "the Commissioner's 'final decision' dated 1/27/2020." Pl.'s Objection at 2. Magistrate

4

Judge Harvey issued his Report on January 27, 2020. At most, Ware El is alluding to agency proceedings on or after the date of the Report. But he presents no evidence of a February 1 application or a January 27 decision. So he still fails to show a "genuine dispute" about whether he exhausted administrative remedies. *See* Fed. R. Civ. P. 56(a), (c)(1).

For all these reasons, the Court adopts in full the findings and conclusions of the Report and grants summary judgment for the SSA. A separate Order will issue.

Dated: April 13, 2020                                   TREVOR N. McFADDEN, U.S.D.J.